UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HARPER,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.
_____/

CASE NO. 16-11428

DISTRICT JUDGE SEAN F. COX
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Plaintiff Willie Harper brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner"). Harper, represented by attorney Barry F. Keller, has failed to comply with the Court's orders, and has given no response to the Court's order to show cause why this case should not be dismissed. Accordingly, the Court **RECOMMENDS** that Harper's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.2.

### II.    REPORT

    **A.    Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to the undersigned magistrate judge for the purpose of

reviewing a final decision by the Commissioner denying Harper's claim for disability benefits. (Doc. 3; Tr. 1-3).

Harper's complaint was filed on April 20, 2016. (Doc. 1). The following day, a court clerk filed notice that Harper had not paid his filing fee; correction of this error was to occur by April 28, 2016, on penalty of dismissal. (Doc. 2). On May 3, 2016, the Court ordered Harper to show cause why his complaint should not be dismissed for failure to prosecute, *i.e.* to pay the filing fee. (Doc. 4). On May 11, 2016, Harper filed a motion to proceed *in forma pauperis* (Doc. 5), which was granted on May 12, 2016 (Doc. 7). Also on May 16, 2016, the Court issued a summons for Defendant. (Doc. 8).

Three months later, on August 12, 2016, the Court took notice that the summons remained unserved, and issued an order directing Plaintiff to show cause why his case should not be dismissed for failure to prosecute, pursuant to Local Rule 41.2. (Doc. 9). Plaintiff was notified that "[f]ailure to respond may result in dismissal of the case," and was ordered to respond by August 26, 2016. (*Id.*). That deadline expired nearly two weeks ago, yet Plaintiff has failed to respond to the order to show cause, or to make his presence known on the docket in any way.

### B. Analysis and Conclusions

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the

tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

Local Rule 41.2 mirrors the federal rule, providing that "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." EDMI L.R. 41.2.

The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

Plaintiff's failure to respond to the second order to show cause suggests that he has willfully or neglectfully disregarded the Court's orders. The first factor thus weighs in favor of dismissal.

3

There is no evidence that Defendant has been prejudiced by Plaintiff's conduct, thus the second factor does not weigh in favor of dismissal.

Plaintiff has been ordered to show cause why this matter should not be dismissed for failure to prosecute twice, and has on both occasions been warned that failure to respond could result in dismissal. The third factor thus weighs in favor of dismissal.

Finally, in light of Plaintiff's repeated failure to abide by deadlines and the Court's orders, and his total failure to respond to the Court's second order to show cause by the August 12, 2016, deadline, the Court is not persuaded that a sanction less than dismissal would be appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Spicer v. Comm'r of Soc. Sec.*, No. CV 15-11037, 2015 WL 5999171, at *2 (E.D. Mich. Sept. 23, 2015) (recommending dismissal where a Social Security plaintiff, represented by counsel, failed to respond to an order to show cause) report and recommendation adopted, No. 15-CV-11037, 2015 WL 5968757 (E.D. Mich. Oct. 14, 2015); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (Holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available."). The fourth factor therefore weighs heavily in favor of dismissal. Accordingly, I recommend that the case be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 42(b) and EDMI L.R. 41.2.

  **C.**  **Conclusion**

For the reasons stated above, the Court **RECOMMENDS** that Harper's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and EDMI L.R. 41.2.

**III.**  **REVIEW**

  Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

  Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party

5

may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 20, 2016              S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: September 20, 2016              By s/Kristen Castaneda
                                      Case Manager

6