UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Willie Harper,

    Plaintiff,

v.                                                           Case No.  16-11428

Commissioner of Social                       Honorable Sean F. Cox
Security,

    Defendant.
_____/

## ORDER

Acting through counsel, Barry F. Keller, on April 20, 2016, Plaintiff filed this action under 42 U.S.C. § 405(g), challenging a final decision of the Commissioner of Social Security. The matter was referred to Magistrate Judge Patricia Morris for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C). The matter is currently before the Court on Plaintiff's objections to a Report and Recommendation issued by Magistrate Judge Morris on September 20, 2016 ("the R&R").

In the R&R, Magistrate Judge Morris set forth the procedural history of this case as follows:

> Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to the undersigned magistrate judge for the purpose of reviewing a final decision by the Commissioner denying Harper's claim for disability benefits. (Doc. 3; Tr. 1-3).
> Harper's complaint was filed on April 20, 2016. (Doc. 1). The following day, a court clerk filed notice that Harper had not paid his filing fee; correction of this error was to occur by April 28, 2016, on penalty of dismissal. (Doc. 2). On

> May 3, 2016, the Court ordered Harper to show cause why his complaint should not be dismissed for failure to prosecute, *i.e.* to pay the filing fee. (Doc. 4). On May 11, 2016, Harper filed a motion to proceed *in forma pauperis* (Doc. 5), which was granted on May 12, 2016 (Doc. 7). Also on May 16, 2016, the Court issued a summons for Defendant. (Doc. 8).
> *Three months later*, on August 12, 2016, the Court took notice that the summons remained unserved, and issued an order directing Plaintiff to show cause why his case should not be dismissed for failure to prosecute, pursuant to Local Rule 41.2. (Doc. 9). Plaintiff was notified that "[f]ailure to respond may result in dismissal of the case," and was ordered to respond by August 26, 2016. (*Id.*). *That deadline expired nearly two weeks ago, yet Plaintiff has failed to respond to the order to show cause, or to make his presence known on the docket in any way.*

(R&R at 1-2) (emphasis added).

In the R&R, the magistrate judge analyzed whether, under Fed. R. Civ. P. 41(b), this action should be dismissed for failure to prosecute and/or failure to comply with the Court's orders. (*Id*. at 2-4). In the Sixth Circuit, the following four factors are considered in determining whether a case should be dismissed for want of prosecution: 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015).

Magistrate Judge Morris found that the first factor weighed in favor of dismissal because "Plaintiff's failure to respond to the second order to show cause suggests that he has willfully or *neglectfully disregarded* the Court's orders." (R&R at 3) (emphasis added). She found that the second factor did not weigh in favor of dismissal. As to the third factor, she noted that Plaintiff has "been ordered to show cause why this matter should not be dismissed for failure to prosecute twice, and has on both occasions been warned that failure to respond could result in dismissal,"

and therefore, the third factor weighed in favor of dismissal." (*Id.* at 4). "Finally, in light of Plaintiff's repeated failure to abide by deadlines and the Court's orders, and his total failure to respond to the Court's second order to show cause by the August 12, 2016 deadline," Magistrate Judge Morris was "not persuaded that a sanction less than dismissal would be appropriate in this matter." (*Id.*). As a result, she recommended that "the case be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 42(b) and EDMI L.R. 41.2" (R&R at 4-5).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On September 21, 2016, the day after the R&R was issued, Plaintiff's Counsel filed objections to the September 20, 2016 R&R. (D.E. No. 11). Plaintiff objects to the magistrate judge's conclusion as to each of the factors that she found to weigh in favor of dismissal.

Plaintiff objects to the magistrate judge's conclusion that the failure to respond to the second show cause order was due a willful or neglectful disregard of the Court's orders and objects to her recommendation that the case be dismissed with prejudice. In sum, Plaintiff's Counsel seeks to blame his legal assistant for his failure to respond to the magistrate judge's second show cause order. Counsel states that his legal assistant, who he asserts is the "person in charge of monitoring the Social Security Disability Docket" is "the only person who received Notifications from the Federal Court" regarding this case, was off for a bereavement leave for some unspecified period of time, and then took a leave of absence at some unspecified time. But

3

*Plaintiff's Counsel* should be monitoring the cases he has filed and is required, under the electronic filing system, to register such that he personally receives notifications of filings in his cases. Plaintiff's Counsel appears to have since rectified that error and will now get notices in this case.

The Court notes that Plaintiff's Counsel has offered no explanation as to why the summons, issued on May 12, 2016, in this matter has not been served. Yet Plaintiff's Counsel asks this Court not to dismiss this action and requests "thirty days to properly prosecute and proceed with this case." (Objs. at 5).

Having reviewed the docket in this action, the R&R, and Plaintiff's Objections, the Court finds that Magistrate Judge Morris's recommendation that this case be dismissed with prejudice for failure to prosecute was reasonable and warranted under the circumstances presented. This Court, however, is reluctant to penalize Plaintiff for the actions of his counsel.

"Federal courts have inherent powers necessary for them to function as an institution." *In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003) (citing *Chambers v. NASCO*, 501 U.S. 32, 43 (1991) and *Hadix v. Johnson*, 144 F.3d 925, 937 (6th Cir. 1998)). Those powers include the authority to impose monetary sanctions where appropriate. *Id.* Under the circumstances presented here, the Court concludes that some form of sanction is necessary for Counsel's neglectful disregard of the magistrate judge's orders in this case.

Accordingly, the Court **DECLINES** to Adopt the R&R in that the Court will not dismiss this action without prejudice *at this juncture*. Instead, the Court **ORDERS** that:

1) No later than **October 21, 2016**, Plaintiff's Counsel shall pay a monetary sanction of **$100.00**, in a check made payable to the Legal Aid and Defender Association, at 613

Abbott Street Detroit, MI 48226, and shall file a statement with this Court indicating that the sanction has been paid; and

2) No later than **October 21, 2016**, Plaintiff's Counsel shall serve the complaint and summons and file an appropriate proof of service on the docket.  **Plaintiff's Counsel is cautioned that if he fails to so, this action will be dismissed with prejudice.**

**IT IS SO ORDERED.**

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated:  October 12, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2016, by electronic and/or ordinary mail.

                S/Jennifer McCoy
                Case Manager